UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CYNTHIA RAETZ

VERSUS

PNK (BATON ROUGE) PARTNERSHIP, ET AL.

CIVIL ACTION

NO. 23-1545-BAJ-SDJ

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 3, 2024.

　　　　　　　　　　　　　　　　　　　　　　　／s／ Scott D. Johnson
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**SCOTT D. JOHNSON**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CYNTHIA RAETZ<br><br>VERSUS<br><br>PNK (BATON ROUGE) PARTNERSHIP, ET AL. | CIVIL ACTION<br><br>NO. 23-1545-BAJ-SDJ |

## MAGISTRATE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Leave to File First Amended and Supplemental Complaint (R. Doc. 8). The deadline to file an opposition has expired without response; accordingly, the motion is unopposed.

I.     **Background**

This case arises from injuries Plaintiff alleges she sustained from a fall at L'Auberge Casino in Baton Rouge, Louisiana. (R. Doc. 1-2 at 42, Amended State Court Petition). Plaintiff alleges that she fell over a portable step in a dimly lit walkway, sustaining injury. (R. Doc. 1-2 at 23, State Court Petition). Plaintiff filed her initial Petition in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, on June 21, 2023, naming as Defendants Penn Entertainment, Inc; Pinnacle Entertainment, Inc.; and Zurich American Insurance Company. (R. Doc. 1-2 at 22). On August 21, 2023, Plaintiff amended her Petition to substitute PNK Partnership (Baton Rouge) in place of Penn and Pinnacle. (R. Doc. 1-2 at 42).

On November 1, 2023, Defendants PNK and Zurich removed the matter to this Court, alleging diversity jurisdiction under 28 U.S.C. §1332. (R. Doc. 1). Removal was timely, as Defendants allege that they first received notice that the amount in controversy exceeds the federal

jurisdictional minimum on October 3, 2023, in discovery responses from Plaintiff. (R. Doc. 1 at 2). Plaintiff did not challenge removal on this basis with a motion to remand.

On March 27, 2024, Plaintiff filed the instant Motion for Leave to Amend her complaint. In support, Plaintiff states that she was made aware for the first time in Defendants' initial disclosures that a contractor provided lighting for the event at which Plaintiff was injured. (R. Doc. 8 at 1). Because Plaintiff alleges that lighting was inadequate and a contributing factor to her fall, Plaintiff alleges that Big Star Stagehands, Inc., is a potential joint tortfeasor and should be added as defendant to this matter. (R. Doc. 8 at 1-2). Plaintiff alleges that Big Star is incorporated in Louisiana and thus destroys diversity among the parties. (R. Doc. 8 at 2). The time for opposition has passed, and Removing Defendants have not opposed this Motion.

**II.    Law and Analysis**

**A.    Amendment of the Pleadings to Name a Non-Diverse Defendant**

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the

opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, when an amendment seeks to add a nondiverse party that would destroy diversity jurisdiction, 28 U.S.C. § 1447(e) directs district courts to either "deny joinder, or permit joinder and remand the action to the State court." In *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987),[1] the Fifth Circuit instructed district courts "faced with an amended pleading naming a new nondiverse defendant in a removed case" to "scrutinize that amendment more closely than an ordinary amendment," while considering several factors outlined by the Court—*i.e.* 'the *Hensgens* factors.' *Id.* at 1182. The *Hensgens* factors require a balancing of the parties competing interests while determining whether: (1) the amendment's purpose is to defeat federal jurisdiction; (2) the plaintiff was diligent in amending the complaint; and (3) the plaintiff will be significantly injured if the amendment is denied. *Hensgens*, 833 F.2d at 1182. Courts should also consider "any other factors bearing on the equities." *Id.*

Here, Plaintiff alleges that the proposed non-diverse Defendant, Big Star, was responsible for lighting and equipment at the site where she fell. (R. Doc. 8-1 at 4, Proposed Amended Complaint). She alleges that Big Star may have been responsible for the obstruction in the walkway that caused her fall. (R. Doc. 8-1 at 2). Removing Defendants have not opposed, and Plaintiff did not oppose the initial removal, so there is no indication that Plaintiff's motive in joining Big Star is solely to defeat federal jurisdiction.

---

[1] Section 1447(e) was enacted after the Fifth Circuit's decision in *Hensgens*. Nonetheless, the Fifth Circuit has continuously advised that a trial court considering joinder under § 1447(e) should "temper[ ] its discretion with the standard established by *Hensgens*. . . ." *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (noting *Hensgens* is the "correct legal standard" for court to apply in determining whether to exercise its discretion under § 1447(e) to permit joinder of non-diverse party after removal).

Plaintiff alleges that she was first advised of Big Star's potential involvement in Defendants' initial disclosures. (R. Doc. 8 at 1). While Plaintiff does not indicate the date on which these disclosures were received, the Scheduling Order issued on January 19, 2024, includes a deadline for initial disclosures of March 15, 2024.[2] (R. Doc. 7). Therefore, Plaintiff's Motion for Leave filed on March 27, 2024, comes at most nine weeks—but more likely only two weeks—after Defendants' initial disclosures. Thus, the Court finds that Plaintiff was diligent and did not delay in petitioning the Court to amend her complaint.

Finally, as Plaintiff alleges that Big Star may have been responsible for the conditions leading to her injury, Plaintiff will be unable to fully litigate her claim without the addition of this Defendant. As there is no opposition, and as this case was in its nascency at this Court when Plaintiff filed the instant motion, the Court finds no other factors that bear on the equities at stake here.

And so the Court concludes that it is proper to allow amendment to name the non-diverse defendant as party to this suit, which will destroy subject matter jurisdiction and require remand of the action to state court. *See* 28 U.S.C. § 1447(e); 28 U.S.C. § 1332.

**III.    Conclusion**

Based on the foregoing, **IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended and Supplemental Complaint (R. Doc. 8) is **GRANTED,** and the Clerk of Court shall file the Amended and Supplemental Complaint (R. Doc. 8-1) into the record.

---

[2] This Court regularly declines to enter a date if initial disclosures have already been exchanged at the time the Scheduling Order is entered; and the parties indicated in their State Report on January 16, 2024, that initial disclosures had not yet been exchanged. (R. Doc. 6 at 3).

**ADDITIONALLY, IT IS RECOMMENDED** that this action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, for lack of subject matter jurisdiction in light of the addition of the non-diverse defendant Big Star Stagehands, Inc.

Signed in Baton Rouge, Louisiana, on October 3, 2024.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**